UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ADAM KEITH LANGSTON KISER, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:22-CV-432-HAB-SLC |
| DAVID GLADIEUX, et al., | |
| Defendants. | |

OPINION AND ORDER

Adam Keith Langston Kiser, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983.[1] (ECF 1.) As required by 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Langston Kiser is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

---

[1] The case was originally filed in the Southern District of Indiana and was transferred to this District on November 29, 2022. (ECF 1, 7.)

Mr. Langston Kiser is incarcerated at the Allen County Jail. He alleges that an on unspecified date sometime between June 1, 2022, and November 7, 2022, he was housed in a cell without running water for approximately 24 hours. He claims that during this period there was "urine" and "black mold" in the toilet. He believes the toilet made him sick, claiming that after he left the cell he had a sore throat, fever, chills, "los[s] of breath," and weakness for approximately nine days. He requested medical care several times during this period from the jail's medical department, operated by Quality Care Medical Service ("Quality Care"), by sending electronic requests through his tablet. He claims that his requests went unanswered. Based on these events, he sues Allen County Sheriff David Gladieux, "Allen County Confinement Staff," Quality Care, "Medical Staff," "John Does," and "Jane Does," seeking monetary damages and other relief.

Because Mr. Langston Kiser was a pretrial detainee at the time of these events, his rights arise under the Fourteenth Amendment.[2] *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). A pretrial detainee states a valid Fourteenth Amendment claim by alleging that (1) the defendant "acted purposefully, knowingly, or perhaps even recklessly," and (2) the defendant's conduct was "objectively unreasonable." *Miranda*, 900 F.3d at 353–54.

---

[2] Public records reflect that Mr. Langston Kiser pled guilty to resisting law enforcement and other offenses and on November 17, 2022, was sentenced to four years in prison. *State v. Langston Kiser*, No. 02D06-2206-F5-000218 (Allen Sup. Ct. closed Nov. 17, 2022). The court is permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018). Any claims related to events occurring after November 17, 2022, would be governed by the Eighth Amendment, which contains a subjective element requiring a showing of deliberate indifference by the defendant not applicable to Fourteenth Amendment claims. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). It appears that all relevant events occurred prior to the date he was convicted and sentenced.

"[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that 'amount to punishment.'" *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017) (citation omitted). (citation omitted). Detainees are held in conditions that amount to punishment when they are not provided with "reasonably adequate" food, ventilation, sanitation, bedding, hygiene materials, and utilities. *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019). Detainees are also entitled to adequate medical care. *Miranda*, 900 F.3d at 353-54. To state a claim for the denial of medical care, a detainee must allege that the defendant acted "with purposeful, knowing, or reckless disregard of the consequences" related to the provision of medical care, and that the medical care received, or the denial of medical care, was "objectively unreasonable." *Id.*

"A jail official's response to serious conditions of confinement is objectively unreasonable when it is 'not rationally related to a legitimate nonpunitive governmental purpose[.]'" *Mays v. Emanuele*, 853 F. App'x 25, 27 (7th Cir. 2021) (citation omitted). In determining whether a challenged action is objectively unreasonable, courts must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). "[N]egligent conduct does not offend the Due Process Clause," and allegations of negligence, even gross negligence, do not state a Fourteenth Amendment claim. *Miranda*, 900 F.3d at 353.

Many of Mr. Langston Kiser's allegations are quite general and consist of boilerplate about the failure of jail staff to comply with "Allen County Jail Policies & Procedures" as well as "Indiana & Federal Const. and Laws." Merely "putting a few

3

words on paper that, in the hands of an imaginative reader, might suggest that something has happened . . . that might be redressed by the law" is not enough to state a claim under federal pleading standards. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). To the extent he is alleging a violation of jail policies or other state law, this does not give rise to a cognizable claim under 42 U.S.C. § 1983. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations").

He does allege specifically that the water in his cell wasn't working for approximately 24 hours, during which time his toilet had urine and mold in it, presumably because it wouldn't flush. He does not allege (nor is there a basis to plausibly infer) that he was without drinking water during this period, or that he did not have access to water when he was outside his cell. While the condition he describes was no doubt unpleasant, the court cannot conclude that this temporary problem amounts to the type of deprivation that would support a Constitutional claim. *See Hardeman*, 933 F.3d at 824; *see also Sullivan v. Lake Cnty. Jail*, No. 2:22-CV-191-TLS-JEM, 2022 WL 15481043, at *1 (N.D. Ind. Oct. 27, 2022) (cell toilet covered in urine and feces for one night, although "unpleasant and inconvenient," did not amount to a Fourteenth Amendment violation); *Williams v. Garden*, No. 22-CV-00977-JPG, 2022 WL 3212202, at *1 (S.D. Ill. Aug. 9, 2022) (a "single clogged toilet" does not give rise to Fourteenth Amendment claim); *Jackson v. Duran*, No. 15 CV 1846, 2017 WL 8217063, at *6 (N.D. Ill. Dec. 14, 2017) (short-term deprivation of running water in detainee's cell "did not approach the objective level of seriousness that would implicate the Fourteenth

4

Amendment"). At most, he alleges circumstance suggesting negligence in the maintenance of his cell, but negligence—even "gross" negligence—is not enough to state a Fourteenth Amendment claim. *Miranda*, 900 F.3d at 353.

Additionally, he has not identified an individual who could be held responsible for purposeful, objectively unreasonable conduct that violated the Fourteenth Amendment, either with respect to the toilet or his medical care. *Miranda*, 900 F.3d at 353–54. His complaint against Sheriff Gladieux appears to be that he failed to respond to a grievance about the toilet, but liability under 42 U.S.C. § 1983 is based on personal responsibility, and a defendant "cannot be hit with damages under §1983 for not being ombudsmen." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). In other words, a prisoner cannot simply "write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign" is unsuccessful. *Id.* Thus, the Sheriff cannot be held liable merely because Mr. Langston Kiser notified him about a temporary plumbing problem in his cell. *Id.* Nor can the Sheriff be held liable simply because he oversees operations at the jail. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks*, 555 F.3d at 595. He has not stated a plausible constitutional claim against the Sheriff.

He also names "Allen County Confinement Staff" and "Medical Staff" as defendants, but this appears to be a group of people or a department within the jail, not a "person" or policy-making body that can be sued for constitutional violations under

5

42 U.S.C. § 1983. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). He also names "John Does" and "Jane Does" but does not explain with any specificity who these people are or what they did (or did not do) for the court to plausibly infer that one or more of them violated his Constitutional rights.[3] He has not stated a viable claim against these defendants.

Finally, he names Quality Care as a defendant. There is no general respondeat superior liability under 42 U.S.C. § 1983, and this company cannot be held liable for a constitutional violation solely because it employs medical staff at the jail. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). A private company performing a public function can be sued for constitutional violations under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), but it "cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). The purpose of the official policy requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). "At the pleading stage . . . a plaintiff pursuing [a *Monell*] theory must allege facts that permit the

---

[3] The court notes that as a practical matter "John Doe" or "Jane Doe" defendants cannot be served with process to bring them into this case. Assuming Mr. Langston Kiser could state a viable claim against one or more unnamed defendants, they would have to be identified and served within the relevant limitations period and the deadline specified in Federal Rule of Civil Procedure 4(m). *See Rodriguez v. McCloughen*, 49 F.4th 1120, 1121 (7th Cir. 2022). To the extent he is asking for discovery to learn the identity of unnamed defendants, such a request is premature because he has not yet stated a plausible claim against any unnamed defendant.

reasonable inference that the practice is so widespread so as to constitute a governmental custom." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017).

Mr. Langston Kiser does not allege that Quality Care has an unconstitutional policy or custom that caused him injury. Nor does he describe any incidents of alleged mistreatment besides his own experience in this one instance. Isolated incidents of wrongdoing cannot support a *Monell* claim. *Howell*, 987 F.3d at 654. He has not stated a plausible Fourteenth Amendment claim against this corporate defendant.

Therefore, the complaint does not state a claim upon which relief can be granted. In the interest of justice, the court will allow him an opportunity to amend his complaint if, after reviewing the court's order, he believes that he can state a plausible constitutional claim based on these events, consistent with the allegations he has already made under penalty of perjury. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **January 3, 2023**, to file an amended complaint if he so chooses; and

(2) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on December 5, 2022.

    s/ *Holly A. Brady*
    JUDGE HOLLY A. BRADY
    UNITED STATES DISTRICT COURT