UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ADAM KEITH LANGSTON KISER, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:22-CV-432-HAB-SLC |
| DAVID GLADIEUX, et al., | |
| Defendants. | |

OPINION AND ORDER

Adam Keith Langston Kiser, a prisoner without counsel, filed an amended complaint under 42 U.S.C. § 1983. (ECF 22.) As required by 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Langston Kiser is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The court concluded that Mr. Langston Kiser's original complaint was subject to dismissal under 28 U.S.C. § 1915A, but afforded him an opportunity to file an amended

complaint before dismissing the case. (ECF 9.) He responded with the present filing. His amended complaint supersedes the earlier complaint and controls the case from this point forward. *French v. Wachovia Bank*, 574 F.3d 830, 835 (7th Cir. 2009).

Mr. Langston Kiser is incarcerated at Westville Correctional Facility. His claims stem from events occurring at the Allen County Jail when he was held there as a pretrial detainee. As with his original complaint, he claims that on unspecified date between June and November 2022, he was housed in a cell without running water for approximately 24 hours. He claims the cell lacked a working toilet and sink and smelled of urine and mold, which caused him to become ill. He claims that for nine days he had a sore throat, fever, chills, weakness, and shortness of breath. He states that he made several requests for medical care to Quality Care Medical Service ("Quality Care") through an electronic system, but was not seen for approximately six days. As best as can be discerned, he either received some form of treatment or the symptoms resolved on their own. Based on these events, he sues former Allen County Sheriff David Gladieux, Quality Care, "Allen County Confinement Staff," "Medical Staff," "John Does," and "Jane Does," seeking monetary damages and other relief.

Because Mr. Langston Kiser was a pretrial detainee at the time of these events, his rights arise under the Fourteenth Amendment.[1] *Miranda v. Cty. of Lake*, 900 F.3d 335,

---

[1] Public records reflect that Mr. Langston Kiser pled guilty to resisting law enforcement and on November 17, 2022, was sentenced to serve four years in prison. *State v. Langston Kiser*, No. 02D06-2206-F5-000218 (Allen Sup. Ct. closed Nov. 17, 2022). Any claims related to events occurring after the date his sentence was imposed would be governed by the Eighth Amendment, which contains a subjective element requiring a showing of deliberate indifference by the defendant not applicable to Fourteenth Amendment claims. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). It appears that the relevant events occurred prior to the date he was convicted.

352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that 'amount to punishment.'" *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017) (citation omitted). Detainees are held in conditions that amount to punishment when they are not provided with, among other things, "reasonably adequate" ventilation and sanitation. *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019). A pretrial detainee states a valid Fourteenth Amendment claim by alleging that (1) the defendant "acted purposefully, knowingly, or perhaps even recklessly," and (2) the defendant's conduct was "objectively unreasonable." *Miranda*, 900 F.3d at 353–54. In determining whether a challenged action is objectively unreasonable, courts must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). "[N]egligent conduct does not offend the Due Process Clause," and thus allegations of negligence, even gross negligence, do not state a Fourteenth Amendment claim. *Miranda*, 900 F.3d at 353.

Detainees are also entitled to adequate medical care. *Id.* at 353-54. To plead a claim, a detainee must allege: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's]s medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cty., Illinois*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted).

3

Again, it is not enough for the plaintiff to allege "negligence or gross negligence." *Miranda*, 900 F.3d at 353-54.

He first asserts a claim against the former Sheriff. Specifically, he alleges that the Sheriff failed to respond to grievances he sent him about the lack of water in his cell. (ECF 22 at 4.) Although being without a working sink or toilet for roughly 24 hours was no doubt unpleasant, there is insufficient factual content for the court to plausibly infer that Mr. Langston Kiser was placed in these conditions to punish him or for some other purposeful reason. Instead, he describes circumstance suggesting a temporary plumbing problem or negligence by staff in the maintenance of his cell. Negligence—even "gross" negligence—is not enough to state a Fourteenth Amendment claim. *Miranda*, 900 F.3d at 353; *see also Sullivan v. Lake Cty. Jail*, No. 2:22-CV-191-TLS-JEM, 2022 WL 15481043, at *1 (N.D. Ind. Oct. 27, 2022) (being housed in cell with toilet covered in urine and feces for one night, although "unpleasant and inconvenient," did not amount to a Fourteenth Amendment violation); *Williams v. Garden*, No. 22-CV-00977-JPG, 2022 WL 3212202, at *1 (S.D. Ill. Aug. 9, 2022) (a "single clogged toilet" does not give rise to Fourteenth Amendment claim); *Jackson v. Duran*, No. 15 CV 1846, 2017 WL 8217063, at *6 (N.D. Ill. Dec. 14, 2017) (short-term deprivation of running water in detainee's cell "did not approach the objective level of seriousness that would implicate the Fourteenth Amendment").

Additionally, liability under 42 U.S.C. § 1983 is based on personal responsibility, and the former Sheriff cannot be held liable for damages simply because he oversaw operations at the jail. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018). Nor can he "be

4

hit with damages under §1983 for not being ombudsmen." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). In other words, a prisoner cannot simply "write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign" is unsuccessful. *Id.* Thus, the Sheriff cannot be held liable merely because Mr. Langston Kiser notified him at some point about a temporary plumbing problem in his cell. *Id.* Assuming he also complained to the Sheriff about the delay in receiving medical care, it is not evident that the temporary flu-like symptoms he describes amounted to an objectively serious medical need. *Gonzalez*, 40 F.4th at 828. Even if they did, the Sheriff was entitled to defer to medical staff about Mr. Langston Kiser's need for treatment. *See Miranda*, 900 F.3d at 343; *Burks*, 555 F.3d at 595. He has not stated a plausible claim for damages against the former Sheriff.

It appears Mr. Langston Kiser may also be trying to assert a claim against the Sheriff in his official capacity under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). He claims that the Defendants, including the Sheriff, each "ha[d] an unconstitutional policy or custom that has placed my life in great danger by refusing me health care and allow their staff to do so without providing the care needed and warranted by the Federal Constitution when they left me in a cell with no running water sink or toilet over 24 hrs without access to another toilet or sink, that caused me to get sick & they refused to treat me." (ECF 22 at 3.) His allegations about the Defendants collectively are insufficient to state a claim against the Sheriff under notice

5

pleading standards. *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (allegations that referred to "defendants" collectively without connecting specific defendants to specific acts were insufficient under federal pleading standards); *see also Henderson v. Wall*, No. 20-1455, 2021 WL 5102915, at *1 (7th Cir. Nov. 3, 2021) ("[B]y making allegations about large, indeterminate groups of defendants, [the plaintiff] deprived them all of proper notice of what they were accused of doing.").

Aside from this problem, he does not include sufficient factual content for the court to infer a plausible *Monell* claim. Under *Monell*, a policy maker "cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). The purpose of this requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). A plaintiff pursuing an official custom theory "must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a governmental custom." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017). Mr. Langston Kiser does not satisfy this standard. He does not identify what the Sheriff's alleged unconstitutional policy or custom was, let alone include factual content plausibly suggesting the existence of an official policy or widespread practice that caused him injury. Instead, he simply repeats the allegations involving his own experience in this one instance. This does not state a plausible *Monell* claim against the former Sheriff.

He also sues "Allen County Confinement Staff" and "Medical Staff," but these appear to be groups of people, not a "person" or policy-making body that can be sued for constitutional violations under 42 U.S.C. § 1983. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). He also sues "John Does" and "Jane Does," whom he identifies as "ACJ Staff & QCC Staff," but he does not explain with any specificity who these people are or what they did (or did not do) for the court to plausibly infer that one or more of them violated his Fourteenth Amendment rights.

Finally, he sues Quality Care. As outlined above, there is no general *respondeat superior* liability under 42 U.S.C. § 1983, and this company cannot be held liable for a constitutional violation solely because it employs medical staff at the jail. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). A private company performing a public function can be sued for constitutional violations under *Monell*, but the plaintiff must plausibly allege the existence of an unlawful official policy or custom. *Howell*, 987 F.3d at 654; *Gill*, 850 F.3d at 344. Although Mr. Langston Kiser claims in blanket terms that Quality Care had an unconstitutional policy, he does not identify what the policy practice was, nor does he describe any incidents of alleged mistreatment besides his own. The crux of his claim is that individuals working for Quality Care delayed for six days in seeing him after he reported having flu-like symptoms. Isolated incidents of wrongdoing by a few employees cannot support a *Monell* claim. *Howell*, 987 F.3d at 654. He has not stated a plausible claim against this corporate defendant.

Therefore, the amended complaint does not state a claim upon which relief can be granted. The court already granted Mr. Langston Kiser an opportunity to amend his

complaint and outlined in detail the problems with his original complaint. The amended complaint suffers from many of the same deficiencies as the original. The court finds no basis to conclude that if given another opportunity, he could assert a plausible constitutional claim consistent with the allegations he has already made.

For these reasons, the case is DISMISSED pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted. The clerk is DIRECTED to close this case.

SO ORDERED on February 22, 2023.

                                      s/ Holly A. Brady
                                     JUDGE HOLLY A. BRADY
                                     UNITED STATES DISTRICT COURT